[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The genesis of this action arose as the result of an automobile accident on October 31, 1997, when one of Hart's vehicles, operated by Velthuizen, became involved in a collision with a motorcycle operated by one Keven Keyes. On or about March 31, 1998, Keyes brought an action against Hart in which he claimed personal injuries arising out of that accident. The defendant, National Interstate, appointed counsel to represent Hart herein and fulfill its obligation under the policy to defend the suit. Prior to the verdict, National Interstate was informed that Keyes was willing to settle the suit for less than the limits of coverage, but did not settle with Keyes at that time. Ultimately, a verdict was returned for Keyes to recover one million six hundred thirty-nine thousand seven hundred twelve ($1,639,712) dollars, against both Hart and the operator, Velthuizen. Prejudgment interests in the amount of five hundred ninety-two thousand four hundred fifty-two dollars and sixty-eight cents ($592,452.68) was also awarded in favor of Keyes, bringing the total award to two million two hundred forty-one thousand one hundred eighty-three dollars and fifty-four cents ($2,241,183.54). The plaintiffs herein demanded that National Interstate pay the entire judgment plus costs assessed against Hart and Velthuizen, which demand was refused by National Interstate.
The plaintiffs herein entered into settlement negotiations with Keyes, who then compromised the verdict for a total amount of two million one hundred thousand ($2,100,000) dollars. A second demand was made against National Interstate to pay that compromised amount, and again it refused. Ultimately, National Interstate did pay Keyes a sum equaling the amount of the policy limit of one million ($1,000,000) dollars, the pre-imposed trial interest and costs. Hart, under an order to satisfy the judgment, made a payment to Keyes in the amount of four hundred eighty-six thousand eight hundred sixty-two dollars and three cents ($486,862.03) in accordance with the compromised agreement. General Star CT Page 11819 Indemnity Company, which was the excess carrier over and above the coverage provided by National Interstate, issued an excess policy for indemnification for liability in excess of the one million ($1,000,000) dollars, the basic or primary limits policy, which provided up to nine million ($9,000,000) dollars for each occurrence. Demand was made upon General Star by the plaintiffs herein, to indemnify them against the balance of the judgment in accordance with the terms of the policy which it issued. That demand was refused.
On or about February 15, 2002, General Star filed a Request for Admissions, with which the plaintiffs complied on or about March 18, 2002. On or about March 25, 2002, General Star, being dissatisfied with some of the answers provided with respect to the Request for Admissions, moved to determine the sufficiency of the responses for certain of the requests.
Essentially, the plaintiffs in this proceeding, assert that the attorney assigned to defend them in the underlying action was the entity that determined what the answers to discovery in the underlying action should be. Certain it is that the plaintiffs in this action signed and certified the responses in that underlying action, but now assert that they merely parroted as it were the responses that were set forth by their attorney and that, therefore, they did not respond as is claimed by General Star.
Section 13-23 (a) of the Practice Book requires a party to whom a Request for Admissions is directed to file an answer which "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." That same rule recites that "[a] denial shall fairly meet the substance of the requested admission. . . ." The responses of the plaintiffs in the instant proceeding do not satisfy that rule.
This case presents a somewhat unusual and unique scenario. There is little question that the responses to the interrogatories as set forth and certified in the underlying action were true and correct and the responses to this Request for Admissions cannot be found by this court to be an attempt to deceive or to misinform by the present plaintiffs. However, the responses clearly do not meet the requirement set forth in the Practice Book. This court is persuaded by the fact that were it to order the instant plaintiffs bound because of this failure framed by the answers to the interrogatories in the underlying action would be Draconian to a point which might well violate the concept of fundamental fairness. Consequently, the instant plaintiffs are ordered to file amended answers to the plaintiffs' Request for Admissions in accordance CT Page 11820 with the Practice Book within thirty (30) days of the date of this memorandum. Fail that, the court orders that the facts claimed to be admitted by General Indemnity be deemed admitted. An order may enter in accordance with the foregoing.
 ___________________ Moraghan, J.T.R.
CT Page 11821